UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT NEFF,

    Plaintiff,

v.

ZEWDNEH N. DESTA, et al.,

    Defendants.

Case No. 18-CV-1716-RSL

ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER

This matter comes before the Court on defendants' "Motion for Leave to Amend Answer." Dkt. #25. For the reasons described below, defendants' motion is DENIED.

## I. BACKGROUND

This case arises out of a motor vehicle-pedestrian collision in Auburn, Washington in the early morning of December 22, 2015. See Dkt. #1-2 (Compl.). Defendant Zewdneh Desta entered a Safeway distribution center in a loaded tractor trailer, and parked and exited his vehicle to check in at a guard shack. Id. at ¶ 5.18. Desta alleges that he was asked by either a Safeway employee or a Securitas[1] employee to move his truck to a different area of the parking lot. See Dkt. #35 (Ex. A) at 13. As Desta moved his truck, he struck and ran over plaintiff, injuring him. See Dkt. #1-2 at ¶ 5.19-5.23.

Plaintiff brought this action against Desta, his employer K&B Transportation, and Safeway. Id. In their answer, defendants included potential non-party fault as an affirmative

---

[1] Defendants' motion identifies both Securitas Security Services, Inc. and Securitas Security Services USA. See Dkt. #25. For clarity, this motion collectively references "Securitas."

ORDER DENYING MOTION FOR LEAVE TO AMEND ANSWER - 1

defense.[2] Plaintiff later sought to dismiss Safeway as a party after determining "there was no viable avenue of liability against [it]." Dkt. #34 at 6. All parties stipulated to dismissing Safeway without prejudice, which would convert into a dismissal with prejudice unless any party moved to amend its pleadings to assert fault against Safeway before September 4, 2019. See Dkt. #22.

On September 3, 2019, defendants filed the instant motion, seeking to amend their answer to incorporate an affirmative defense to apportion non-party fault to Safeway and Securitas. See Dkt. #25. Plaintiff and Safeway oppose the motion. See Dkt. #32; Dkt. #34. Plaintiff also filed two sur-replies, requesting that the Court (1) strike defendants' reply brief as untimely (Dkt. #39) and (2) strike the declaration of Clifford McQuarrie, filed alongside defendants' reply brief (Dkt. #51).

## II. PLAINTIFF'S REQUESTS TO STRIKE

As an initial matter, the Court addresses plaintiffs' two sur-replies, which request that the Court strike components of defendants' motion to amend briefing. See Dkt. #39; Dkt. #51.

Pursuant to Local Civil Rule 7(d)(3), defendants' motion for leave to amend (Dkt. #25) was properly noted for consideration on Friday, September 20, 2019. See id.; LCR 7(d)(3). Defendants did not file their reply brief and supporting declaration until Monday, September 23, 2019, three days after the filing deadline. See Dkt. #37; Dkt. #38. Defendants did not seek permission or offer any explanation for their late reply. Accordingly, plaintiff requests that the Court strike defendants' reply and supporting declaration. See Dkt. #39. The Court declines to strike the untimely reply or declaration on this basis given its preference for deciding issues on

---

[2] *See* Dkt. #14 at 6 ("The parties and non-parties identified through discovery were at fault for the subject incident. Defendants will ask the jury to apportion fault based on the evidence learned through discovery. Defendants will ask the Court to offset any award in [p]laintiff's favor by his share of fault.").

ORDER DENYING MOTION FOR LEAVE TO AMEND ANSWER - 2

the merits with the benefit of full information.[3]  However, defendants are cautioned that any additional untimely filings may be stricken.

Plaintiff also asks the Court to strike the declaration of Clifford McQuarrie (Dkt. #38) on the basis that it is unsupported and unreliable.  See Dkt. #51.  Plaintiff's sur-reply identifies five instances in which McQuarrie's declaration flatly contradicts sworn testimony from his October 30, 2019 deposition.  See id.; Dkt. #38; Dkt. #52.  Moreover, as plaintiff emphasizes, the declaration is not particularly relevant to the motion at hand.[4]  See Dkt. #39 at 2 n.2.  These issues are further compounded by defendants' untimely filing.  For these reasons, despite the Court's preference for full information, it has not considered McQuarrie's declaration (Dkt. #38) in ruling on defendants' motion to amend.

### III. MOTION FOR LEAVE TO AMEND ANSWER

Defendants seek to amend the third affirmative defense in their answer to specifically apportion fault to non-parties Safeway and Securitas.[5]  Courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  There is a "strong policy in favor of allowing amendment" after considering five factors: (1) prejudice to the opposing party (2) futility of amendment, (3) undue delay, (4) bad faith, and (5) whether the pleadings have previously been amended.  See Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994); Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).  The underlying purpose of Rule 15 is

---

[3] The Court has not considered the section of defendants' reply titled "Response to Facts," which contains no citations to the record and which, by their own admission, is at least partially "immaterial." See Dkt. #37 at 2-3.

[4] To the extent the statements in McQuarrie's declaration are relevant, they are supportive of defendants' original motion, not their reply brief.  See Dkt. #38.  In failing to submit the declaration until filing their reply, defendants prevented plaintiffs' from meaningfully responding during the briefing process.

[5] See Dkt. #25-1 at 6 ("The parties and non-parties identified through discovery were at fault for the subject incident, *including Safeway, Inc. and Securitas Security Services, Inc. identified in SAFEWAY 32, though public records research reveals that company is doing business as Securitas Security Services USA, Inc.*  Defendants will ask the jury to apportion fault based on evidence learned through discovery.  Defendants will ask the Court to offset any award in [p]laintiff's favor by his share of fault.") (proposed addition emphasized).

ORDER DENYING MOTION FOR LEAVE TO AMEND ANSWER - 3

"to facilitate decision on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Plaintiff and Safeway now argue that defendants' proposed amendment would be futile and is in bad faith. Plaintiff also contends that the proposed amendment manifests undue delay and prejudice.[6]

### a. Prejudice

"Prejudice, in the context of a motion to amend, means undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." Wizards of the Coast LLC v. Cryptozoic Entm't, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (internal quotation marks and citations omitted). Prejudice carries the "greatest weight" among the five factors. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Plaintiff argues that he will be prejudiced by defendants' amendment because (1) he is 70 years old and already traveled for his deposition and Rule 35 examination with Safeway absent, since it had already been dismissed, and (2) it would require additional needless discovery that would "fail to produce any material evidence to support a legally recognized liability theory." Dkt. #34 at 12. Defendants counter that there is no prejudice because (1) plaintiff originally sued Safeway, and (2) plaintiff and Safeway were aware of the September 4, 2019 stipulated case deadline. See Dkt. #25 at 7; Dkt. #37 at 6-7. The Court agrees with plaintiff that he would suffer some hardship if defendants were permitted to amend, but also recognizes that the parties were aware of the September 4, 2019 stipulated deadline to amend pleadings. Accordingly, the Court concludes that the "prejudice" factor weighs slightly in favor of permitting amendment.

### b. Futility of Amendment

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient." Hofschneider v. City of Vancouver, 182 F. Supp. 3d 1145, 1150 (W.D. Wash. 2016) (citing Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)). An amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller, 845 F.2d at 214.

---

[6] The Court notes that defendants have not previously moved for leave to amend. Accordingly, the fifth factor does not preclude granting defendants' motion.

ORDER DENYING MOTION FOR LEAVE TO AMEND ANSWER - 4

Defendants allege that Safeway and/or Securitas may be at fault due to their instruction to Desta to move his truck. They assert that Safeway's or Securitas' "manner of operating the lot was a cause of the accident." Dkt. #25 at 7. But plaintiff and Safeway argue that Safeway and/or Securitas "cannot incur liability simply for telling [Desta] to move his vehicle." See Dkt. #34 at 10; Dkt. #32 at 7-8. While "a defendant is entitled to shepherd evidence and attempt to prove that the 'empty chairs' in a lawsuit are the proximate cause of the injuries alleged," fault cannot be allocated to an entity whose "conduct is not a proximate cause of an injury." Sudre v. The Port of Seattle, No. C15-0928-JLR, 2016 WL 7035062, at *15 (W.D. Wash. Dec. 2, 2016) (citing RCW 4.22.015) (internal quotation marks and citations omitted). Defendants have not articulated any possible legal basis under which Safeway and/or Securitas breached a duty owed to plaintiff or were the proximate cause of plaintiff's injury. See, e.g., Nguyen v. City of Seattle, 179 Wn. App. 155, 164 (2014) ("Negligence requires proof of four elements: (1) the existence of a duty to the person alleging negligence, (2) breach of that duty, (3) resulting injury, and (4) proximate cause between the breach and the injury."). The Court agrees with plaintiff and Safeway that defendants' proposed affirmative defense apportioning fault to Safeway and/or Securitas based on their instructions to Desta would be futile.

Defendants also appear to imply—based on a single sentence in their motion—that Safeway may share fault based on dangers in its lot. See Dkt. #25 at 7 ("[T]he basis for [p]laintiff's initial claims against Safeway regarding dangers in the lot and insufficient lighting remain unanswered."). Plaintiff alleged negligence based on premises liability in his original complaint, but this claim was abandoned in the parties' stipulated dismissal of all claims against Safeway.[7] See Dkt. #1-2; Dkt. #22. To the extent defendants' seek to apportion fault to Safeway based on dangerous conditions in the lot, plaintiff and Safeway argue that the defense would be futile because (1) defendants cannot allocate fault based on dismissed claims, (2) defendants failed to conduct any discovery regarding lot safety and have adduced no evidence to

---

[7] Again, this was grounded in plaintiff's counsel's determination, "after conducting initial discovery and investigation, including the exchange of interrogatories and requests for production by all parties, . . . [that] there was no viable avenue of liability against [d]efendant Safeway." Dkt. #34 at 6.

ORDER DENYING MOTION FOR LEAVE TO AMEND ANSWER - 5

support such a defense, and (3) Desta's deposition testimony in fact contradicted defendants' claims of lot danger. See Dkt. #32 at 6; Dkt. #34 at 10-12; see also Dkt. #33 at 6-9 (indicating that it was not too dark to see in the lot and that there was plenty of space to make a "U-turn" without entering into the pedestrian area of the lot).

The Court finds that defendants' proposed allocation of fault based on the guard's instructions to move the truck would be futile. Their proposed allocation of fault based on dangers in the lot is not *per se* futile, but the plausibility of this affirmative defense is weakened by defendants' failure to establish any evidence whatsoever in support of the allegation. Accordingly, while defendants' proposed amendment is not futile as a matter of law, the Court finds this factor neutral.

### c. Undue Delay

"Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens on the [C]ourt." Wizards of the Coast, 309 F.R.D. at 651 (internal quotation marks and citation omitted). Defendants contend that they filed this motion on September 3, 2019 because they only realized the potential basis for Safeway's or Securitas' fault at Desta's August 29, 2019 deposition.[8] See Dkt. #25 at 6; Dkt. #37 at 5. This contention is belied by the record. Despite their apparent failure to conduct any additional discovery as to the potential fault of Safeway and/or Securitas from the time of the stipulated dismissal of Safeway (May 23, 2019), see Koehler Decl., defendants moved for leave to amend their answer on September 3, 2019, the day before the deadline set forth in the stipulated dismissal. Defendants have yet to identify any evidence to support their asserted defense apportioning fault to non-parties Safeway and Securitas.[9]

Furthermore, the Court rejects defendants' implication that plaintiff has "stonewall[ed]" their "efforts to discover the factual and legal basis for the claims against Safeway." See Dkt.

---

[8] Safeway was not given notice and did not attend Desta's deposition, having been dismissed as a party. See Dkt. #33 (Reppart Decl.) at ¶ 4.

[9] Moreover, unbeknownst to plaintiff, defendants' own experts conducted inspections of the distribution center and parking lot two months before they agreed to dismiss Safeway from the case. See Reppart Decl. at ¶¶ 5-7.

ORDER DENYING MOTION FOR LEAVE TO AMEND ANSWER - 6

#25 at 4-5; Dkt. #37 at 4.  While defendants point to nothing in the record in support of this accusation, plaintiff has shown defendants were served with Safeway's responses to plaintiff's first interrogatories and requests for production on March 26, 2019.  See Dkt. #35 (Koehler Decl.) at ¶ 14; id. (Ex. L).  And defendants fail to rebut the sworn declaration from plaintiff's counsel indicating that (1) after the parties began discussing Safeway's dismissal, defendants never followed up on their initial interrogatory regarding plaintiff's claims against Safeway, and (2) during a July 2019 discovery dispute between the parties, defendants raised concerns about the basis for plaintiff's claims against *Desta* but said nothing about the basis of plaintiff's claims against Safeway or Securitas.  Dkt. #36 (Benedetti Decl.).

Defendants have not been diligent.  And while delay alone "is an insufficient ground for denial of leave to amend," United States v. Webb, 655 F.2d 977, 980 (1981), as discussed below, the Court questions the motives underlying defendants' timing and amendment strategy.  Defendants' undue delay weighs against granting leave to amend.

**d. Bad Faith**

Plaintiff and Safeway allege that defendants' motion to amend manifests bad faith.  While defendants reject this contention, the Court is troubled by the discussions surrounding defendants' March 2019 inspection of the Safeway parking lot.  See Reppart Decl. at ¶¶ 5-7.  As plaintiff points out, defendants arranged this inspection by conveying to Safeway that they would "rather not do discovery between [their] companies in front of the plaintiff."  See Dkt. #33 (Ex. 3); Dkt. #34 at 6.  And according to Safeway's counsel, defendants assured her that they did not intend to claim that there were any issues with the parking lot.  See Reppart Decl. at ¶ 6; Dkt. #33 (Ex. 2 & 3).  Defendants' concede that they "did not intend at the time to blame Safeway," but assert that "they still did not know why [p]laintiff sued Safeway in the first place."  Dkt. #37 at 6.  This contention is at odds with the fact that negligence and premises liability are both alleged on the face of plaintiff's complaint.  See Dkt. #1-2.  Defendants agreed to dismiss Safeway (see Dkt. #22) and cannot earnestly argue that they waited until September 3, 2019 to assert their proposed amendment due to their lack of understanding of plaintiff's rationale for suing Safeway.  In light of defendants' conduct, apparent failure to engage in

ORDER DENYING MOTION FOR LEAVE TO AMEND ANSWER - 7

meaningful discovery regarding Safeway or Securitas since the stipulated dismissal, and last minute proposed amendment to assert fault against Safeway and Securitas despite their previous stipulation, the Court finds defendants' motion for leave to amend manifests bad faith. This factor weighs against granting leave to amend.

## IV. CONCLUSION

For all the foregoing reasons, the Court concludes that the relevant factors weigh against granting defendants' motion for leave to amend. On balance, the undue delay and bad faith underlying defendants' motion, combined with the partial futility of the proposed amendment, lead the Court not to permit the proposed amendment at this stage. Defendants' Motion for Leave to Amend Answer (Dkt. #25) is therefore DENIED.

DATED this 7th day of February, 2020.

Robert S. Lasnik
United States District Judge