UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT NEFF,

    Plaintiff,

v.

ZEWDNEH N. DESTA, et al.,

    Defendants.

Case No. C18-1716-RSL

ORDER ON MOTIONS *IN LIMINE*

This matter comes before the Court on the parties' "Motions *in Limine*" (Dkts. #63, 65), and plaintiff's "Motion to Allow Testimony by Video Conference at Trial" (Dkt. #70). As discussed at the pretrial conference held on March 2, 2020, the Court issues the following tentative rulings, with the possibility of revisiting rulings if necessary during trial.

**A.    PLAINTIFF'S MOTIONS *IN LIMINE* (Dkt. #63)**

**1. Evidence Regarding Plaintiff's Alleged Failure to Mitigate Damages**

At present, the parties agree that there is no claim that plaintiff failed to mitigate damages in this case, though defendants raise the possibility this could change depending on plaintiff's presentation of his case. Plaintiff's first motion *in limine* is tentatively GRANTED.

**2. Testimony of Clifford McQuarrie**

Plaintiff raises several issues with the witness testimony of Clifford McQuarrie, seeking to preclude him from offering hearsay, speculative testimony, and improper credibility commentary. Defendants indicate that they will not offer improper or inadmissible testimony at trial. McQuarrie will be permitted to testify under oath. Plaintiff will have the opportunity to

ORDER ON MOTIONS *IN LIMINE* - 1

cross-examine McQuarrie and may raise objections if issues arise during trial. Plaintiff's second motion *in limine* is DENIED.

### 3. Evidence Attributing Fault to Safeway or Securitas

The Court denied defendants' motion for leave to amend their answer on February 7, 2020. See Dkt. #72. Defendants have indicated that they will comply with the Court's ruling and accordingly do not oppose plaintiff's motion. Plaintiff's third motion *in limine* is GRANTED.

### B. DEFENDANTS' MOTIONS *IN LIMINE* (Dkt. #65)

### 1. Evidence of Plaintiff's Past Medical Expenses

Defendants seek to exclude evidence of plaintiff's past medical expenses on grounds that plaintiff failed to disclose any witnesses in his initial disclosures who will opine as to the reasonableness of those expenses. See Patterson v. Horton, 84 Wn. App. 531, 543 (1997) ("[M]edical records and bills are relevant to prove past medical expenses only if supported by additional evidence that the treatment and the bills were both necessary and reasonable."). Plaintiff must comply with the initial disclosure requirements set forth in Federal Rule of Civil Procedure ("FRCP") 26(a)(2)(C). As discussed at oral argument, despite plaintiff's failure to comply with the Rule regarding the anticipated testimony about plaintiff's medical bills, the Court will allow plaintiff to supplement his compliance by making the required FRCP 26(a)(2)(C) disclosures within thirty (30) days of the date of this Order. Trial has been continued in this case, and the Court finds defendants will not be prejudiced by a supplemental disclosure. Assuming plaintiff supplements his disclosures within thirty days of this Order, defendants' first motion *in limine* is DENIED

### 2. Expert Opinions from Plaintiff's Medical Providers

Defendants also seek to exclude opinions of plaintiff's medical providers, citing plaintiff's failure to comply with the non-retained expert disclosure requirements set forth in FRCP 26(a)(2)(C). As discussed at oral argument, despite plaintiff's failure to comply with the Rule, the Court will allow plaintiff to supplement his compliance by making the required FRCP 26(a)(2)(C) disclosures within thirty (30) days of the date of this Order. Trial has been

ORDER ON MOTIONS *IN LIMINE* - 2

continued in this case, and the Court finds defendants will not be prejudiced by a supplemental disclosure. Assuming plaintiff supplements his disclosures within thirty days of this Order, defendants' second motion *in limine* is DENIED

### 3. Graphic Photos of Plaintiff's Injuries

Photographic evidence is not inadmissible merely because it is gruesome or unpleasant. See, e.g., Rivers v. United States, 270 F.2d 435, 436-39 (9th Cir. 1959); see also Washburn v. Beatt Equip. Co., 120 Wn.2d 788, 801 (1992). Photographs of plaintiff's injuries are relevant to illustrate, *inter alia*, the nature of his injuries, the process of treatment, and damages. Federal Rule of Evidence ("FRE") 403 is in place to prevent unfair prejudice at trial. Accordingly, defendants' third motion *in limine* is DENIED. However, as discussed at oral argument, all graphic photos shall be brought to the Court's attention before use during trial, and plaintiff shall not use the photographs during opening or closing arguments without prior approval from defendants.

### 4. Securitas Incident Report

The incident report prepared by Securitas, the security company at the Safeway Distribution Center, lacks foundation and is inadmissible in its entirety. Defendants' fourth motion *in limine* is GRANTED.

### 5. Evidence or Argument Regarding Statutory "Rules of the Road"

Defendants raise the possibility that plaintiff will introduce certain statutory evidence under RCW 46.41, deemed "Rules of the Road." By their terms, the statutory rules of the road are inapplicable in private lots. See RCW 46.61.005, 46.04.197. Express evidence of Washington's statutory rules of the road is unnecessary and defendants' fifth motion *in limine* is GRANTED.

### 6. 2015 K&B Safety Training PowerPoint

As discussed during oral argument, the Court reserves ruling on defendants' sixth motion *in limine* until trial.

ORDER ON MOTIONS *IN LIMINE* - 3

### 7. Evidence or Argument Regarding Defendant Desta's Post-Accident Conduct

Defendants' seventh motion *in limine* is GRANTED in part and DENIED in part. The parties may question defendant Desta as to certain conflicts in the evidence, including regarding K&B's post-accident policies and when and why he moved his truck after the accident. However, plaintiff has not articulated a plausible legal basis for spoliation of evidence and will not be permitted to introduce evidence or argument suggesting that Desta tampered with evidence or engaged in spoliation.

### 8. Evidence or Argument Regarding Accident Preventability Issues

To the extent evidence of accident preventability becomes relevant to expert testimony regarding industry standards, defendants' eighth motion *in limine* is DENIED. However, to the extent defendants' eighth motion seeks to exclude evidence of subsequent remedial measures, see Fed. R. Evid. 407, their motion is GRANTED.

### 9. Defendant Desta's Personnel File

Plaintiff does not intend to admit most of the documentation in defendant Desta's personnel file, and each party describes certain potentially relevant documentation in the file. Defendants' ninth motion *in limine* is premature and overbroad. It is accordingly DENIED.

### 10. Expert Opinions that Allegedly Usurp Province of Jury

The parties agree that experts may offer testimony regarding industry standards and how they believe the parties' conduct fell below the standard of care. The parties shall not elicit expert testimony constituting legal conclusions, including as to the apportionment of fault between the parties. Defendants' tenth motion *in limine* is GRANTED.

### 11. Evidence Regarding Size of Defendant K&B's Business Operation

Evidence regarding the size and extent of defendant K&B's business operation has little to no probative value and may unfairly prejudice defendants. Defendants' eleventh motion *in limine* is GRANTED.

### 12. Untimely Disclosed and Produced Medical Illustrations

Defendants seek to exclude certain medical illustrations, which plaintiff intends to use as demonstrative aids during trial. While the illustrations were not timely disclosed, plaintiff

ORDER ON MOTIONS *IN LIMINE* - 4

produced them on January 29, 2020.  See Dkt. #75 (Ex. K).  Trial has been continued in this case, and the Court finds plaintiff's untimely disclosure has not prejudiced defendants. Defendants' twelfth motion *in limine* is DENIED.

### 13. Arguments Regarding "Sending a Message"

Defendants seek to exclude any arguments to the jury "that its verdict can send a larger message about issues either directly or indirectly related to this case." Dkt. #65 at 17.  Plaintiff does not intend to suggest that the jury should award punitive damages, but because he seeks full compensatory damages, he wishes to inform the jury of policies underlying Washington tort law, including deterring future harm and fully compensating plaintiff for any damages suffered. Dkt. #74 at 15-16 (citing, *e.g.*, Johnson v. Spider Staging Corp., 87 Wn.2d 577, 583-84 (1976); Barr v. Interbay Citizens Bank, 96 Wn.2d 692, 699 (1981)).  Defendants' thirteenth motion *in limine* is GRANTED in part and DENIED in part.  Plaintiff shall not introduce arguments regarding "sending a message," but may introduce arguments regarding deterrence and compensation to the extent they reflect the policies underlying Washington state tort law.

### C. PLAINTIFF'S MOTION TO ALLOW TESTIMONY BY VIDEO CONFERENCE AT TRIAL (Dkt. #70)

Plaintiff filed a motion to allow testimony by video conference at trial for certain out-of-state lay witnesses and health care professionals.  See Dkt. #70.  He states that the "locations and/or schedules" of these witnesses "may prevent them from testifying in person at trial." Id. at 2. Defendants oppose the motion.  See Dkt. #78.  Pursuant to FRCP 43(a),

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise.  For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a).  The Notes of Advisory Committee on FRCP 43 emphasize,

> The importance of presenting live testimony in court cannot be forgotten.  The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling.  The

ORDER ON MOTIONS *IN LIMINE* - 5

> opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.

Id.  Plaintiff's proffered rationale for requesting testimony by video conference is to reduce expense and travel time and to avoid scheduling issues for his witnesses.  These concerns do not constitute "good cause in compelling circumstances" to justify contemporaneous transmission of testimony by video conference.  Plaintiff's motion (Dkt. #70) is DENIED without prejudice to his ability to renew his motion if good cause arises once trial is scheduled.[1]

DATED this 29th day of April, 2020.

*[signature]*

Robert S. Lasnik
United States District Judge

---

[1] As a result of the ongoing COVID-19 outbreak, it is increasingly unlikely that civil jury trials will occur in this District prior to 2021.  The Court recognizes that good cause for allowing video testimony may exist if COVID-19 emergency measures remain in place when trial is scheduled.  See generally W.D. Wash. Gen. Order Nos. 07-20, 02-20.

ORDER ON MOTIONS *IN LIMINE* - 6