```
 1
 2
 3
 4
 5
 6              UNITED STATES DISTRICT COURT
 7             WESTERN DISTRICT OF WASHINGTON
                         AT SEATTLE
 8
 9   ROBERT NEFF,                        Case No. C18-1716RSL
10              Plaintiff,
                                         ORDER ON DEFENDANTS'
11         v.                            MOTIONS FOR
                                         RECONSIDERATION
12   ZEWDNEH N. DESTA, et al.,
13              Defendants.
14
```

15  This matter comes before the Court on defendants' motions for reconsideration of the

16 Court's April 29, 2020 rulings on two of their motions in limine. <u>See</u> Dkts. #90, #91. Motions

17 for reconsideration are disfavored in this District and will be granted only upon a "showing of

18 manifest error in the prior ruling" or "new facts or legal authority which could not have been

19 brought to [the Court's] attention earlier without reasonable diligence." LCR 7(h). The Court,

20 having considered defendants' motions for reconsideration and the record contained herein,

21 finds as follows:

22  **I.   MOTION FOR RECONSIDERATION REGARDING THIRTEENTH
         MOTION IN LIMINE (Dkt. #90)**
23

24  In their thirteenth motion in limine, defendants sought to preclude arguments at trial

25 implying to the jury "that its verdict can send a larger message about issues either directly or

26 indirectly related to this case." Dkt. #65 at 17-18. The motion was granted in part and denied in

27 part. Dkt. #89 at 5. The Court instructed plaintiff not to introduce arguments regarding

28 "sending a message," but indicated that plaintiff "may introduce arguments regarding deterrence

ORDER ON DEFENDANTS' MOTIONS FOR RECONSIDERATION- 1

and compensation to the extent they reflect the policies underlying Washington state tort law." Id. Defendants now request clarification regarding the "deterrence" component of the ruling, and assert that the Court should reconsider its decision to the extent it will permit plaintiff to introduce arguments regarding the deterrent effect of compensatory damages. Dkt. #90.

The Court reiterates that plaintiff will not be permitted to introduce arguments to the jury implying that it should use its verdict to send a broader "message" regarding defendants' conduct. However, the Court will not prevent plaintiff from describing generally the policy goals underlying Washington state tort law, which include preventing future harm through deterrence and compensating the plaintiff for damages suffered. Cf. Shoemake ex rel. Guardian v. Ferrer, 168 Wn.2d 193, 203 (2010) ("[W]hile [defendant] is correct that compensatory damages are intended to make the plaintiff whole, such damages also frequently include a deterrence component that should not be confused with a punitive award." (citations omitted)); see also Barr v. Interbay Citizens Bank of Tampa, Fla., 96 Wn.2d 692, 699 (1981) ("To some extent, at least, every tort rule is designed both to deter other wrongdoers and to compensate the injured person." (citation omitted)). Defendants' first motion for reconsideration (Dkt. #90) is DENIED.

## II.  MOTION FOR RECONSIDERATION REGARDING EIGHTH MOTION IN LIMINE[1] (Dkt. #91)

In their eighth motion in limine, defendants sought to exclude evidence related to accident preventability issues. See Dkt. #65 at 13-14. The motion was denied in part "[t]o the extent evidence of accident preventability becomes relevant to expert testimony regarding industry standards," and granted in part, to the extent it sought to "exclude evidence of subsequent remedial measures." Dkt. #89 at 4 (citing Fed. R. Evid. 407). Defendants now seek reconsideration of the Court's ruling based on a Regulatory Notice issued by the Federal Motor Carrier Safety Administration ("FMCSA") on May 6, 2020. See Dkt. #91.

---

[1] As an initial matter, defendants' second motion in limine was filed approximately one month after the Court issued its April 29, 2020 Order. Although the motion for reconsideration was untimely under the Local Rules, see LCR 7(h), because the motion is premised on new authority, the Court will exercise its discretion to consider the motion in this instance.

ORDER ON DEFENDANTS' MOTIONS FOR RECONSIDERATION- 2

After reviewing defendants' motion, the Court agrees that plaintiff should not be permitted to introduce evidence related to FMCSA's crash preventability determinations. However, the Court finds no basis to exclude evidence of defendant K&B Transportation's polices and/or safety regulations to the extent they become relevant to expert testimony regarding trucking industry standards. Defendants' second motion for reconsideration (Dkt. #91) is accordingly GRANTED in part as it pertains to evidence of FMCSA's crash preventability determinations, and otherwise DENIED.

### III. CONCLUSION

For all the foregoing reasons, defendants' motion for reconsideration of the Court's ruling on its thirteenth motion in limine (Dkt. #90) is DENIED. Defendants' motion for reconsideration of the Court's ruling on its eighth motion in limine (Dkt. #91) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

DATED this 5th day of October, 2020.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER ON DEFENDANTS' MOTIONS FOR RECONSIDERATION- 3